IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JAMES AVERY CRAFTSMAN, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. <u>5:15-cv-959</u> |
| | § | |
| MAHALETH FLORES, DANIEL | § | |
| KIM, YOUN KIM, DOAN PHAN, DOUNG | § | |
| PHAN, NGAN TRAN, BRIAN VU, ALEX | § | |
| FLORES, DONG CUI, STEVE COBB, JIN | § | |
| CHOI, AHN JEONG, CHINH DANG, | § | |
| and JOHN DOES 1-100, | § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff James Avery Craftsman, Inc. ("James Avery") files this Original Complaint seeking injunctive relief and damages from Mahaleth Flores, Daniel Kim, Youn Kim, Doan Phan, Doung Phan, Ngan Tran, Brian Vu, Alex Flores, Dong Cui, Steve Cobb, Jin Choi, Ahn Jeong, Chinh Dang and John Does 1-100 named as Defendants above (collectively "Defendants"), based on Defendants' infringement of James Avery's registered copyrights and trademarks and violation of the National Stamping Act. This is an action for copyright infringement; trademark infringement; unfair competition pursuant to the Lanham Act and Texas common law; trademark dilution pursuant to the Lanham Act, the Texas Business and Commerce Code and Texas common law; and unfair competition by violating of the National Stamping Act.

## PARTIES

1.     James Avery Craftsman, Inc. is a Texas corporation with its principal place of business in Kerrville, Texas.

6161675.2

2.     Defendant Mahaleth Flores is an individual who is domiciled in New Jersey and may be served at 3313 Highland Avenue, Camden, New Jersey 08105, or wherever he/she may be found.

3.     Defendant Daniel Kim is an individual who is domiciled in New Jersey and may be served at 152 Delaware Ave., Haworth, New Jersey 07641, or wherever he may be found.

4.     Defendant Youn Kim is an individual who is domiciled in New Jersey and may be served at 46 Center Street, Cresskill, New Jersey 07626, or wherever he/she may be found.

5.     Defendant Doan Phan is an individual who is domiciled in New Jersey and may be served at 38 E. 1st, Colonia, New Jersey 07067, or wherever he/she may be found.

6.     Defendant Doung Phan is an individual who is domiciled in New Jersey and may be served at 3 Enfield Dr., East Windsor, New Jersey 08520, or wherever he/she may be found.

7.     Defendant Ngan Tran is an individual who is domiciled in New Jersey and may be served at 401 Kentwood Blvd., Brick, New Jersey 08724, or wherever he/she may be found.

8.     Defendant Brian Vu is an individual who is domiciled in New Jersey and may be served at 108 Peach Tree Ln, Egg Harbor Township, New Jersey 08234, or wherever he may be found.

9.     Defendant Alex Flores is an individual who is domiciled in New Jersey and may be served at 3170 High Street, Camden, New Jersey 08105 or at 525 New Durham Rd., Metuchen, New Jersey 08840-1725, or wherever he/she may be found.

10.     Defendant Dong Cui is an individual who is domiciled in New Jersey and may be served at 5 Johnson Cir., Basking, New Jersey  07920, or wherever he/she may be found.

11.     Defendant Steve Cobb is an individual who is domiciled in New York and may be served at 2833 W. Ridge Road, Suite 25, Rochester, New York 14626, or wherever he may be found.

12.     Defendant Jin Choi is an individual who is domiciled in New Jersey and may be served at 61 Annette Dr., Edison, New Jersey 08820, or wherever he/she may be found.

13.     Defendant Ahn Jeong is an individual who is domiciled in New Jersey and may be served at 2480 6th Street, Fort Lee, New Jersey 07024, or wherever he/she may be found.

14.     Defendant Chinh Dang is an individual who is domiciled in New Jersey and may be served at 2706 Norwood Avenue, Pennsauken, New Jersey 08109, or wherever he/she may be found.

15.     Defendants John Does 1-100 are persons or entities who are believed to be conspiring with and acting in concert with the above-listed known Defendants in manufacturing, marketing and/or selling mismarked, infringing copies of James Avery's copyright and trademark-protected designs.

## JURISDICTION AND VENUE

16.     The Court has jurisdiction over the copyright claims pursuant to 28 U.S.C. Section 1331 (federal question jurisdiction) and 28 U.S.C. Section 1338(a) because the claims arise under the laws of the United States and under an Act of Congress, namely the Copyright Act at 17 U.S.C. Section 101 *et seq.*  The Court has jurisdiction over the federal trademark infringement, unfair competition and dilution claims pursuant to 28 U.S.C. Section 1331 and 28 U.S.C. Section 1338(a) because the claims arise under the laws of the United States and under an Act of Congress, namely the Lanham Act at 15 U.S.C. Section 1051 *et seq.*  The Court has jurisdiction over the National Stamping Act violation claims pursuant to 28 U.S.C. Section 1331

6161675.2

and 28 U.S.C. Section 1338(a) because the claims arise under the laws of the United States and under an Act of Congress, namely the National Stamping Act at 15 U.S.C. Section 291 *et seq*. The Court has supplemental jurisdiction over the Texas common law trademark infringement and unfair competition claims, and the Texas statutory dilution claim pursuant to 28 U.S.C. Section 1338(b).

17.     Venue of this action in this Court and district is proper pursuant to 28 U.S.C. Section 1391(b) because a substantial part of the events giving rise to James Avery's claims occurred in this district and Defendants have displayed, sold and distributed the infringing items described in this Complaint to the public within this district.

## Factual Background

18.     James Avery, a Texas corporation, is and for many years has been involved in the business of creating, designing, manufacturing, marketing and selling original copyrightable designs which are used in sculptures such as jewelry.

19.     The designs created by James Avery, by and through its employees, have been produced through the expenditure of considerable labor, skill and judgment on the part of James Avery, and contain original designs and are copyrightable subject matter under the laws of the United States.

### A.     Defendants' Copyright Infringement

#### (i)     *James Avery's Copyrighted Designs*

20.     James Avery has complied in all respects with Title 17 of the United States Code, and all other laws governing copyrights, and thereby has secured the exclusive rights and privileges in and to the copyrights of numerous designs and has received from the Register of Copyrights of the United States Copyright Office certain Certificates of Copyright Registrations

4

covering its original designs.  In particular, James Avery has obtained copyright registrations for

the following designs (collectively referred to herein as the "Copyright-Protected Designs"):

| Name and JAC Product Number | Certificate of Copyright Registration No. | Effective Date of Registration | Date of First Publication |
|---|---|---|---|
| La Mariposa Charm JAC No. CM-1667[1] | VA-0001-222-799 | September 10, 2003 | August 6, 2003 |
| Playful Puppy Charm JAC No. CM-1554 | VA-0001-050-522 | November 13, 2000 | October 31, 2000 |
| Rose Charm JAC No. CM-34S | VA0000-046-952 | March 24, 1980 | November 27, 1979 |
| Sand Dollar JAC No. C-233 | Ren: RE-0000-927-648 Orig: VA-0000-020-935 | (Renewal Date) July 5, 2005 (Original Date) March 15, 1979 | (Original Date of Publication) December 9, 1971 |
| Theatrical Charm JAC No. CM-985 | VA-0000-260-423 | April 14, 1987 | January 19, 1987 |
| Two Swans Charm JAC No. CX-70 | VA-0000-344-756 | April 11, 1989 | November 4, 1988 |
| Horse, Running 3-D Charm JAC No. CM-1363 | VA-0000-938-241 | August 25, 1998 | July 1, 1998 |
| French Heart Charm JAC No. CM-1070 | VA-0000-344-741 | April 6, 1989 | October 7, 1988 |
| Cowboy Hat Charm JAC No. CM-135S | RE-0000-927-681 Orig. VA-0000-041-212 | (Renewal Date) July 26, 2005 (Original Date) January 17, 1980 | January 22, 1975 |
| Longhorn Charm JAC No. CM-413 | VA-0000-063-708 | Oct. 2, 1980 | April 15, 1980 |
| Ornate Open Heart Charm JAC No. CM-512A | VA-0000-262-350 | April 30, 1987 | January 14, 1987 |

---

[1] James Avery changed the internal product number of this copyright-protected design from CM-1667 to CM-1869 after the copyright was properly registered.  CM-1869 is protected by Registration No. VA-0001-222-799.

| The Deep Ichthus Ring JAC No. R-45[2] | RE-0000-884-519 Orig: GP 121620 | (Renewal Date) Sept. 19, 2003 (Original Date) Oct. 26, 1977 | (Original Date of Publication) June 1, 1973 |
|---|---|---|---|
| Mother's Love Pin JAC No. P-911[3] | VA-0000-855-189 | May 19, 1997 | July 26, 1996 |
| Key to My Heart Charm JAC No. CM-1282 | VA-0000-848-481 | April 14, 1997 | August 14, 1996 |

(the Certificates of Copyright Registration, attached hereto at Exhibit "A" and collectively referred to herein as the "Copyright Registrations"). Records of such Copyright Registrations are publicly available through the United States Copyright Office, whose public records are incorporated herein. The Copyright Registrations are valid and enforceable, and all rights, title and interest in and to them belong solely to James Avery.

21.     James Avery has sold and published jewelry incorporating the Copyright-Protected Designs in accordance with Section 401 of Title 17 of the United States Code and the federal laws governing copyrights.

**(ii)  *Defendants' Infringement of the Copyright-Protected Designs***

22.     Defendants have infringed the Copyright-Protected Designs by manufacturing, publishing, copying, distributing, marketing, selling and/or placing on the online marketplace "eBay" (www.eBay.com) for sale jewelry which incorporates identical or substantially similar reproductions of the Copyright-Protected Designs (collectively the "Infringing Products").

---

[2] James Avery registered the Deep Ichthus copyright-protected design as it appears on a ring, covering the Deep Ichthus design on charms and other pieces. The Infringing Product is a Deep Ichthus charm.

[3] James Avery registered the Mother's Love copyright-protected design as it appears on a pin, covering the Mother's Love design on charms and other pieces. The Infringing Product is a Mother's Love charm.

Defendants infringed the Copyright-Protected Designs in interstate commerce through the eBay website, which is accessible to consumers located throughout the United States and beyond.

23.      Specifically, Defendants manufactured, marketed and sold forgeries of the Copyright-Protected designs listed above, among other infringing forgeries, on www.eBay.com. Defendants further marketed these forgeries as used authentic "James Avery" charms, thereby palming off their inferior forgeries and injuring the reputation of James Avery.   While Defendants' Infringing Products are identical or substantially similar forgeries of James Avery's Copyright-Protected Designs, the Infringing Products are also inferior quality, shoddy copies of the Copyright-Protected Designs, in many cases were manufactured using a lower percentage of silver.

24.      Below is an accurate side-by-side comparison of James Avery's Copyright-Protected Designs and the currently known Infringing Products offered for sale by Defendants:

| James Avery Copyright-Protected Designs | Infringing Products Sold by Defendants |
| --- | --- |
|   La Mariposa Charm, JAC No. CM-1667[4]  Copyright Registration No. VA-0001-222-799 | *See Exhibit "B-1"*    Listed as: "James Avery Sterling Silver La Mariposa Charm cm1869;" eBay Product # 131537382366; Defendant: Mahaleth Flores; eBay Seller: flore_mahal  *See Exhibit "B-2"*    Listed as: James Avery Sterling Silver La Mariposa Charm cm1869; eBay Product # 271918202725; Defendant: Jin Choi; eBay Seller: ji.cho3 |

_____

[4] *See* Fn. 1.

| | |
|---|---|
|  Playful Puppy Charm, JAC No. CM-1554<br>Copyright Registration No. VA-0001-050-522 | ***See Exhibit "B-3"***<br><br>Listed as: "James Avery Charms PLAYFUL PUPPY CM-1554;" eBay Product # 181763913074;<br>Defendant: Ngan Tran; eBay Seller: tra.nga |
|  Rose Charm, JAC No. CM-34S<br>Copyright Registration No. VA0000-046-952 | ***See Exhibit "B-4"***<br><br>Listed as: "James Avery Sterling Silver Rose Charm CM-34S;" eBay Product # 252052614650<br>Defendant: Alex Flores; eBay Seller: flous-rnaop |
|  Sand Dollar, JAC No. C-233<br>Copyright Renewal No. RE-0000-927-648<br>Orig. Copyright Reg. No. VA-0000-020-935 | ***See Exhibit "B-5"***<br><br>Listed as: "James Avery Charm Sterling Silver SAND DOLLAR C-233;" eBay Product # 141683140646;<br>Defendant: Dong Cui; eBay Seller: cuus226 |
|  Theatrical Charm, JAC No. CM-985<br>Copyright Registration No. VA-0000-260-423 | ***See Exhibit "B-6"***<br><br>Listed as: "James Avery Charm,Authentic,CM-985,Theatrical Charm;" eBay Product # 171855518494<br>Defendant: Brian Vu; eBay Seller: usbri_hccqn<br><br>***See Exhibit "B-7"***<br><br>Listed as: "Sale!James Avery Bead Charm Sterling Silver CM-985 Theatrical Pre-Owned;"<br>eBay Product # 271928472714;<br>Defendant: Ahn Jeong; eBay Seller: gtsjeon |

| | |
|---|---|
| | ***See Exhibit "B-8"***<br><br>Listed as: "James Avery Sterling Silver Theatrical Charm cm985;"<br>eBay Product #'s 281713170697 and 281743159495;<br>Defendant Youn Kim; eBay Seller: kiyou55 |
| <br>Two Swans Charm, JAC No. CX-70<br>Copyright Registration No. VA-0000-344-756 | ***See Exhibit "B-9"***<br><br>Listed as: "James Avery Charm Sterling Silver TWO SWANS CX-70;" eBay Product # 161756327685;<br>Defendant: Doung Phan; eBay Seller: us2015_doun |
| <br>Horse, Running 3-D Charm,<br>JAC No. CM-1363<br>Copyright Registration No. VA-0000-938-241 | ***See Exhibit "B-10"***<br><br>Listed as: "James Avery Sterling Silver HORSE RUNNING Charm CM-1363;"<br>eBay Product # 151704374998<br>Defendant: Daniel Kim eBay Seller: danieus-gy0kdu<br><br>***See Exhibit "B-11"***<br><br>Listed as: "Sale!Authentic James Avery Charm CM-1363 Horse Running;" eBay Product # 331598994472<br>Defendant: Doan Phan; eBay Seller: doaaliykscfztq |
| <br>French Heart Charm,<br>JAC No. CM-1070<br>Copyright Registration No. VA-0000-344-741 | ***Exhibit "B-12"***<br><br>Listed as "James Avery Sterling Silver Small French Heart Charm cm-1070"; eBay Product # 252052614645<br>Defendant: Alex Flores; eBay Seller: flous-rnaop |

| | |
|---|---|
|  Cowboy Hat Charm, JAC No. CM-135S Copyright Registration No. RE-0000-927-681 Orig. Copyright Registration No. VA-0000-041-212 | **Exhibit "B-13"**  Listed as: "James Avery Sterling Silver Small Cowboy Hat Charm cm-135s"; eBay Product # 252052614648 Defendant: Alex Flores; eBay Seller: flous-rnaop |
|  Longhorn Charm, JAC No. CM-413 Copyright Registration No. VA-0000-063-708 | **Exhibit "B-14"** Listed as: "James Avery Sterling Silver Longhorn Charm cm-413"; eBay Product # 252052614649 Defendant: Alex Flores; eBay Seller: flous-rnaop |
|  Ornate Open Heart Charm, JAC No. CM-512A Copyright Registration No. VA-0000-262-350 | **Exhibit "B-15"**  Listed as: "James Avery Sterling Silver Ornate Open Heart Charm cm-512"; eBay Product # 252052614646 Defendant: Alex Flores; eBay Seller: flous-rnaop |
| Deep Ichthus Charm, JAC No. C-44[5] Copyright Registration No. RE-0000-884-519 Orig Copyright Registration No. GP 121620 | **Exhibit "B-16"** Listed as: "James Avery Sterling Silver Deep Ichthus Charm c-44"; eBay Product # 252052614621 Defendant: Alex Flores; eBay Seller: flous-rnaop |

---

[5] *See* Fn. 2.

6161675.2

| | |
|---|---|
|  © Copyright James Avery Craftsman Mother's Love Charm, JAC No. P-911[6] Copyright Registration No. VA-0000-855-189 | ***Exhibit "B-17"***  Listed as: "James Avery Sterling Silver Mother's Love Charm cm-1530"; eBay Product # 252059917509 Defendant: Alex Flores; eBay Seller: flous-rnaop |
|  © Copyright James Avery Craftsman Key to My Heart Charm, JAC No. CM-1282 JAC No. P-911 VA-0000-848-481 | ***Exhibit "B-18"***  Listed as: "James Avery Sterling Silver KEY TO MY HEART Charm CM-1282"; eBay Product # 252059917525 Defendant: Alex Flores; eBay Seller: flous-rnaop |

25.     Upon information and belief, additional Infringing Products not pictured above are currently, or have previously been, offered for sale by the remaining Defendants.

26.     Defendants marketed and sold the Infringing Products listed above with specific and intentional reference to their similarity to James Avery's Copyright-Protected Designs, including by listing them as "James Avery," "Authentic James Avery . . .," and "James Avery Sterling Silver" charms and/or beads.

### (iii) *Defendants' Infringement Is Willful*

27.     Upon information and belief, All Defendants are willfully engaged in a conspiracy to manufacture and sell substantially similar or exact copies—forgeries—of unique James Avery charm designs, fraudulently designating them "authentic" JAMES AVERY charms when they are, in fact, trademark and copyright infringing copies of James Avery's Copyright-Protected

---

[6] *See* Fn. 3.

designs.  Upon information and belief, Defendants have intentionally manufactured infringing copies of at least seven Copyright-Protected James Avery Designs, and sell those Infringing Products on eBay marketed as authentic James Avery products.  Upon information and belief, Defendants sell the Infringing Products directly to the consumers to whom James Avery typically sells its products, thus intentionally targeting consumers who are seeking JAMES AVERY jewelry.  Upon information and belief, Defendants operate in the same geographic area as James Avery.

28.    Upon information and belief, Defendants' infringement is intentional and Defendants intended to and did profit from the goodwill and reputation of James Avery and the Copyrighted-Protected Designs.  Upon information and belief Defendants sold their infringing reproductions for between $12.00 and $25.00—pieces for which James Avery Craftsman charges between $37.00 and $89.00 retail.

29.    Defendants have actual knowledge of James Avery and actual knowledge that the Infringing Products are exact copies of James Avery Copyright-Protected Designs, as evidenced from the fact that Defendants marketed the Infringing Products as authentic and/or used "James Avery" charms and in most cases referenced the unique James Avery product number for each charm.  Despite this actual knowledge, Defendants continue to willfully sell forgeries of the Copyright-Protected Designs.

30.    Upon information and belief, the Infringing Products remain available for sale by Defendants at the time of the filing of this Complaint.

6161675.2

**B.      Defendants' Trademark Infringement, Dilution, Unfair Competition and Passing Off.**

      **(i)**   *James Avery's Registered Trademarks*

31.      While based in Texas, James Avery operates stores selling its original designs in Georgia, Louisiana, Oklahoma, Tennessee, North Carolina, Missouri, Arkansas, Alabama, and Texas.  James Avery also sells its original designs to consumers located in every part of the United States via its online websites.  In addition, James Avery has a wholesale agreement with Dillard's, Inc. to sell its jewelry products at various Dillard's stores and on the Dillard's web site throughout the United States of America.

32.      James Avery owns the following federal trademark registrations issued by the U.S. Patent and Trademark Office (hereafter "JAMES AVERY Marks" or the "Marks"):

| US Reg. No. | Mark | Goods/Services |
|---|---|---|
| Reg. No. 1094375<br>Filed: Aug. 11, 1977 | Word Mark: JA | IC 014. US 002 027 028 050. G & S: JEWELRY, [ COINS, ] MEDALS AND MEDALLIONS. FIRST USE: 19541200. FIRST USE IN COMMERCE: 19541200 |
| Reg. No. 1422771<br>File: Feb. 20, 1986 | Typed Drawing Word Mark: "JAMES AVERY" | IC 014. US 028. G & S: JEWELRY. FIRST USE: 19850905. FIRST USE IN COMMERCE: 19850905 |
| Reg. No. 4510674<br>Filed: Aug. 30, 2013 | Word Mark: JA | IC 014. US 002 027 028 050. G & S: Jewelry. FIRST USE: 19560000. FIRST USE IN COMMERCE: 19560000 |
| Reg. No. 1045381<br>Filed: Sept. 16, 1975 | Typed Drawing Word Mark: "AVERY" | IC 014. US 028. G & S: JEWELRY. FIRST USE: 19540000. FIRST USE IN COMMERCE: 19540000 |
| Reg. No. 1046775<br>Filed: Sept. 16, 1975 | Typed Drawing Word Mark: "AVERY" | IC 014. US 028. G & S: COINS, MEDALS AND MEDALLIONS. FIRST USE: 19540000. FIRST USE IN COMMERCE: 19540000 |

6161675.2

33.     Copies of the JAMES AVERY Marks are attached hereto at Exhibit "C."

34.     James Avery has been in existence since 1954 and has used various marks in connection with its jewelry since as early as 1954, including the JAMES AVERY Marks listed above.  James Avery has expended significant time, money and effort to establish public recognition of all its registered trademarks as identifying it as a source of high-quality jewelry. James Avery has used the JAMES AVERY Marks on signs, in advertisements, on catalogues, on promotional materials associated with the company and its products, on the Internet, and in other ways customary in the jewelry industry worldwide.  As a result of its efforts, James Avery has established a substantial customer recognition of the JAMES AVERY Marks, and the Marks are among James Avery's valuable assets identifying James Avery as the source of high quality jewelry incorporating James Avery's unique Copyright-Protected Designs.

35.     Because of James Avery's extensive effort, advertising and commitment of financial resources towards maintaining a reputation for creating high-quality, unique jewelry, the JAMES AVERY Marks have acquired a secondary meaning and have come to be widely identified in the minds of consumers, the public, and the jewelry industry as signifying the source of the jewelry designs to be James Avery.

36.     Similarly, the JAMES AVERY Marks are distinctive in the jewelry industry and have become synonymous with James Avery's unique, high-quality jewelry products and are entitled to the highest level of protection afforded by law.

37.     The JAMES AVERY Marks remain in full force and effect.  Further, because of its use in Texas and interstate commerce of the JAMES AVERY Marks, James Avery is the owner of common law, state and federal trademark rights.

### (ii) *Defendants' Conspiracy to Commit Infringement, Dilution, Unfair Competition with and Passing Off of the JAMES AVERY Marks*

38.     Upon information and belief, All Defendants have conspired as a group to manufacture and sell substantially similar or exact copies—forgeries—of unique James Avery charm designs, intentionally promoting their Infringing Products as "Authentic James Avery . . .," "James Avery Sterling Silver," and "Authentic Used James Avery Sterling Silver" charms. *See* Exhibit "B."  Defendants have adopted and used, and continue to use, without permission, the exact JAMES AVERY Marks, and/or substantially similar marks, for and in connection with the sale of their infringing jewelry.  Defendants have used and continue to use the names "Avery" and "James Avery" on their www.eBay.com listings, intentionally marketing and advertising the Infringing Products as "authentic used" JAMES AVERY charms when they are, in fact, trademark infringing inferior copies of James Avery designs.  Exhibit "B."  Upon information and belief, Defendants have intentionally solicited and continue to solicit consumers who are searching for used authentic jewelry, designed and created by James Avery.

39.     Upon information and belief, Defendants' trademark infringing actions have caused actual confusion.   For example, consumers searching www.eBay.com for "used" "authentic" "James Avery" jewelry would have been directed to Defendants' fraudulently marked Infringing Products.

40.     Defendants' activities constitute unauthorized use in commerce of the JAMES AVERY Marks.   Defendants' activities create the false and misleading impression that Defendants' Infringing Products are used authentic James Avery products, when, in fact, they are not.  Defendants' activities create the false impression of affiliation, association or sponsorship between James Avery and Defendants' Infringing Products.

41.     Defendants' unauthorized use of the JAMES AVERY Marks will likely deceive and confuse the public into believing that Defendants' Infringing Products are used, authentic James Avery products when, in fact, they are not.  Defendants' unauthorized use of the JAMES AVERY Marks also constitutes false descriptions and representations tending to falsely describe or represent Defendants' shoddy, inferior-quality Infringing Products as being authorized, sponsored, affiliated or associated with James Avery.

42.     Defendants' activities are likely to dilute the distinctive quality of the JAMES AVERY Marks, including through blurring and tarnishment.  In addition, Defendants' actions are likely to cause injury to James Avery's reputation in the jewelry industry as Defendants' Infringing Products are not subject to the same quality control as those of James Avery, and in fact, as discussed at more detail below, multiple of the Infringing Products utilize a lower percentage of silver in violation of the National Stamping Act.  Similarly, Defendants' activities constitute a false designation of the origin of the Infringing Products, and constitute an attempt to palm off and appropriate to Defendants James Avery's exclusive rights therein.

43.     James Avery never authorized or consented in any way to the use of the JAMES AVERY Marks by Defendants.

44.     Defendants have actual knowledge of James Avery and actual knowledge of the distinctive JAMES AVERY Marks, as evidenced from the fact that they marketed the Infringing Products as authentic and/or used "James Avery" charms.  Despite this actual knowledge, Defendants continue to willfully market their Infringing Products as used, authentic "James Avery" and "Avery" charms.

**C.     Certain Defendants' Violations of the Stamping Act**

45.     Certain of Defendants' Infringing Products included copies of James Avery's stamp, indicating that the Infringing Products are made of at least 92.5 wt% Ag.-Silver.  In fact, the following Infringing Products were shoddy, inferior copies of James Avery's charms and were not made of 92.5% Ag.-silver.  As a result, by copying and using James Avery's stamp, the following-listed Defendants (the "Stamping Act Defendants") also violated Sections 1–3 of the National Stamping Act.  15 U.S.C. §§ 294–296:

| Defendant | JAC Infringed Products | Infringing Products | Infringing Product Ag-Silver [wt %] |
|---|---|---|---|
| Doan Phan | Lucky Star, (JAC # CM-3116) | eBay # 331599697983 | 59.504 % |
| Doung Phan | Two Swans (JAC # CX-70) | eBay # 161756327685 | 3.482 % |
| Doung Phan | Idiot's Delight (JAC # MY-13S) | eBay # 161747146766 | 20.259 % |
| Steve Cobb | Idiot's Delight (JAC # MY-13S) | eBay # 231585681216 | 24.867 % |
| Daniel Kim | Horse, Running (JAC # CM-1363) | eBay # 151704374998 | 76.085 % |
| Daniel Kim | Idiot's Delight (JAC # MY-13S) | eBay # 151732127404 | 19.138 % |
| Dong Cui | Sand Dollar (JAC # C-233) | eBay # 141683140646 | 67.249 % |
| Ahn Jeong | Idiot's Delight (JAC # MY-13S) | eBay # 281737090945 | 32.864 % |
| Jin Choi | La Mariposa (JAC # CM-1667) | eBay # 271918202725 | 26.658 % |
| Mahaleth Flores | La Mariposa (JAC # CM-1667) | eBay # 131537382366 | 44.346 % |
| Alex Flores | Cowboy Hat (JAC # CM-135S) | eBay # 252052614648 | 78.925% |
| Alex Flores | Longhorn (JAC # CM-413) | eBay # 252052614649 | 48.018% |
| Alex Flores | Mother's Love (JAC # P-911) | eBay # 252059917509 | 18.389% |
| Alex Flores | Jingle Bell (JAC # CM-1017) | eBay # 252052614628 | 79.549% |

46.     The law requires 92.5 wt% Ag.  in order to designate an item "Sterling Silver," James Avery's authentic products bearing its silver stamp include at least or more than 92.5 wt% Ag.-Silver—further demonstrating that the Infringing Products are fraudulent, inferior copies of James Avery's designs.

47.     As creator, manufacturer and seller of authentic 92.5% Ag.-Silver JAMES AVERY charms, and as discussed in greater detail above, James Avery is a direct competitor of Defendants.  As a competitor, James Avery was injured by the Stamping Act Defendants' blatant violation of Sections 1–3 of the National Stamping Act.  *See* 15 U.S.C. § 298(b).  For example, consumers seeking 92.5% Ag.-Silver JAMES AVERY charms are likely to be misled into buying the Stamping Act Defendants' Infringing Products, thinking they are Sterling Silver (at least 92.5% Ag.-Silver), instead of buying the corresponding genuine James Avery products.

48.     The Stamping Act Defendants' violation of the National Stamping Act by mismarking their Infringing Products as 92.5% Ag.-Silver is unfair competition with James Avery, an ethical company that produces and correctly marks its 92.5% Ag.-Silver charms. James Avery cannot fairly compete with the Stamping Act Defendants when James Avery is continuing to maintain the high quality of its silver charms and stamp them appropriately.

**D.      Injunctive and Monetary Relief Appropriate**

49.     James Avery has been and continues to be damaged by the aforementioned acts in a manner that cannot be fully measured or compensated in economic terms.  Defendants have profited from James Avery's original Copyright-Protected designs and caused losses to James Avery; unfairly competed with James Avery including by targeting consumers searching for authentic James Avery products and by mismarking inferior products as Sterling Silver; and Defendants have damaged, and threaten to continue damaging, James Avery's reputation and goodwill by causing their shoddy, inferior quality Infringing Products to be attributed to James Avery, putting James Avery in a position where it cannot control its reputation and goodwill. Upon information and belief, Defendants have and will continue to engage in such unauthorized activities in interstate commerce.  James Avery has no adequate remedy at law and will suffer

irreparable harm and damages as a result of the Defendants' actions, in an amount presently incalculable. Unless Defendants are restrained by this Court from continuing their imitation and copying of the Copyright-Protected Designs, unauthorized use of the JAMES AVERY Marks, and violations of the National Stamping Act, these injuries will continue to occur.

50.     Defendants have profited and are continuing to profit through their intentional infringement of Plaintiff's copyrights and trademarks, and through their intentional infringement of the National Stamping Act. Defendants' profits are in an amount yet to be determined.

**<u>Count I</u>**
**<u>Copyright Infringement, 17 U.S.C. § 501</u>**

***Against All Defendants***

51.     James Avery incorporates by reference paragraphs 1 through 50 as if set forth fully herein.

52.     The Copyright-Protected Designs are original works of authorship of James Avery. James Avery is the lawful owner and holder of the Copyright Registrations identified in Paragraph 20 above with respect to these original designs. *See* Exhibit "A."

53.     Defendants' marketing and sale of the infringing copies of James Avery's Copyright-Protected Designs identified in Paragraph 20 above was unauthorized, intentional and willful, and infringed James Avery's copyrights and harmed James Avery.

54.     Defendants' willful and unauthorized copying, production, distribution, sale and/or display of the Infringing Products have resulted in wrongful profits to Defendants, the full extent of which is yet undetermined, and losses to James Avery, the full extent of which is yet undetermined.

55.    By reason of Defendants' willful infringement of the Copyright-Protected Designs, Defendants have also diminished the value of James Avery's goodwill and reputation, resulting in monetary damage and irreparable injury to James Avery.

56.    By reason of Defendants' willful infringement of the Copyright-Protected Designs, Defendants have irreparably injured James Avery's rights in its designs and unless enjoined by this Court, will continue to do so.

<u>**Count II**</u>
<u>**Infringement of Registered Trademarks**</u>

***Against All Defendants***

57.    James Avery incorporates by reference paragraphs 1 through 56 as if set forth fully herein.

58.    James Avery owns the registered federal trademark JAMES AVERY Marks.  *See* Exhibit "C."  By its use in Texas and interstate commerce, James Avery has an otherwise protectable ownership interest in the JAMES AVERY Marks.  Defendants are marketing their Infringing Products as "James Avery" and "Avery" charms to James Avery's potential customers, making unauthorized use of the JAMES AVERY Marks and intentionally causing confusion among consumers searching for genuine James Avery jewelry.

59.    For these reasons and the reasons discussed in greater detail at Paragraphs 31 to 44 above, James Avery hereby asserts a claim against Defendants for injunctive and monetary relief pursuant to 15 U.S.C. § 1114 with respect to Defendants' infringement of the JAMES AVERY Marks.

## Count III
## Violation of Section 43(a) of the Lanham Act and Common Law Unfair Competition

### *Against All Defendants*

60.     James Avery incorporates by reference paragraphs 1 through 59 as if set forth fully herein.

61.     James Avery owns the registered federal trademark JAMES AVERY Marks.  By its use in commerce, the distinctive JAMES AVERY Marks have acquired a secondary, distinctive meaning such that they signify James Avery's high quality jewelry.

62.     Defendants are intentionally marketing their Infringing Products as "James Avery" and "Avery" charms when the Infringing Products are, in fact, not James Avery charms. These false and misleading statements of fact about the Infringing Products are deceiving and/or have the capacity to deceive a substantial segment of potential consumers that the Infringing Products are genuine James Avery products.

63.     Defendants' material deception is likely to influence these consumers' purchasing decision.

64.     Defendants are marking and selling their product in interstate commerce using www.eBay.com.

65.     James Avery has been injured and is likely to continue to be injured as a result of Defendants' false and misleading statements which cause Defendants' Infringing Products to be attributed to James Avery, putting James Avery in a position where it cannot control its reputation and goodwill.

66.     For these reasons and the reasons discussed in greater detail at Paragraphs 31 to 44 above, James Avery hereby asserts a claim against Defendants for injunctive and monetary relief pursuant to Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), with respect to the false

designation of origin and false descriptions and representations in commerce by Defendants' use of the JAMES AVERY Marks.

67.     For these reasons and the reasons discussed in greater detail at Paragraphs 31 to 44 and 49 to 50 above, James Avery additionally hereby asserts a claim against Defendants for injunctive and monetary relief pursuant to the common law, with respect to the false designation of origin and false descriptions and representations in commerce by Defendants' use of the JAMES AVERY Marks.

## Count IV
## Violation of the Federal Trademark Dilution Act

### *Against All Defendants*

68.     James Avery incorporates by reference paragraphs 1 through 67 as if set forth fully herein.

69.     James Avery owns the registered federal trademark JAMES AVERY Marks, which are famous and distinctive marks signifying James Avery's high-quality jewelry.

70.     Defendants have adopted the JAMES AVERY Marks after the Marks became famous and distinctive.

71.     Defendants' unauthorized use of the JAMES AVERY Marks intentionally seeks to dilute the JAMES AVERY Marks including by tarnishment and blurring of those Marks, because Defendants' actions are linking the JAMES AVERY Marks to Defendants' shoddy Infringing Products, and to associate the JAMES AVERY Marks with Defendants' Infringing Products rather than with genuine James Avery products.

72.     For these reasons and the reasons discussed in greater detail at Paragraphs 31 to 44 above, James Avery hereby asserts a claim against Defendants for injunctive and monetary

6161675.2

relief pursuant to 15 U.S.C. § 1125(c) with respect to the dilution by blurring and dilution by tarnishment in commerce of Defendants' use of the JAMES AVERY Marks.

<u>**Count V**</u>
<u>**Violation of the Texas Anti-Dilution Act and Common Law Trademark Infringement**</u>

*Against All Defendants*

73.     James Avery incorporates by reference paragraphs 1 through 72 as if set forth fully herein.

74.     James Avery owns the registered federal trademark JAMES AVERY Marks, which are famous and distinctive marks signifying James Avery's high-quality jewelry.  James Avery is a Texas-based company.  While James Avery sells its high-quality jewelry all over the United States, the JAMES AVERY Marks have been in use extensively throughout the state of Texas since 1954, and are famous and distinctive in Texas and throughout the United States.

75.     Defendants have adopted the JAMES AVERY Marks after the Marks became famous and distinctive.

76.     Defendants' unauthorized use of the JAMES AVERY Marks intentionally seeks to dilute the JAMES AVERY Marks including by tarnishment and blurring of those Marks, because Defendants' actions are linking the JAMES AVERY Marks to Defendants' shoddy Infringing Products, and to associate the JAMES AVERY Marks with Defendants' Infringing Products rather than with genuine James Avery products.

77.     For these reasons and the reasons discussed in greater detail at Paragraphs 31 to 44 above, James Avery hereby asserts a claim against Defendants for injunctive and monetary relief pursuant to § 16.29 of the Texas Business and Commerce Code with respect to the dilution by blurring and dilution by tarnishment in commerce caused by Defendants' use of the JAMES AVERY Marks.  James Avery further asserts a claim against Defendants for injunctive and

monetary relief pursuant to the common law, with respect to Defendants' infringement of the JAMES AVERY Marks.

### Count VI
### Violation of the National Stamping Act

*Against Defendants Doan Phan; Duong Phan; Cobb; Youn Kim; Cui; Jeong; Choi, Mahaleth Flores, and Alex Flores*

78.     James Avery incorporates by reference paragraphs 1 through 77 as if set forth fully herein.

79.     The Stamping Act Defendants are intentionally marking their infringing copies with the James Avery stamp signifying Sterling Silver (at least 92.5 wt% Ag.).  However, upon information and belief, the Stamping Act Defendants' Infringing Products are shoddy and inferior and are not made of 92.5 wt% Ag.

80.     The Stamping Act Defendants' intentional mismarking of the Infringing Products is in violation of the National Stamping Act at 15 U.S.C. Sections 294–298 and constitutes unfair competition against James Avery, as James Avery is an ethical jewelry maker that follows the National Stamping Act by properly marking its products according to their quality.  James Avery cannot compete with the Stamping Act Defendants' inferior Infringing Products that are intentionally mismarked as 92.5 wt% Ag.-Silver.

81.     Both the Stamping Act Defendants and James Avery are manufacturing, marketing and selling products entitled "James Avery" charms and bearing stamps that indicate the charms are made of Sterling Silver (at least 92.5 wt% Ag.) to the same consumers.  The Stamping Act Defendants' intentional mismarking of their Infringing Products, in violation of the National Stamping Act, is likely to influence these consumers' purchasing decision.

6161675.2

82.    The Stamping Act Defendants are marking and selling their mismarked Infringing Products in interstate commerce using www.eBay.com.

83.    As an ethical manufacturer of Sterling Silver (at least 92.5% Ag.) jewelry, James Avery has been injured and is likely to continue to be injured as a result of the Stamping Act Defendants' mismarking of their Infringing Products as Sterling Silver jewelry.

84.    For these reasons and the reasons discussed in greater detail at Paragraphs 45 to 48 above, James Avery hereby asserts a claim against Defendants for injunctive and monetary relief pursuant to the National Stamping Act at 15 U.S.C. Section 298(b).

### Jury Demand

85.    James Avery hereby requests a trial by jury.

### Prayer

WHEREFORE, Plaintiff James Avery Craftsman, Inc. prays that judgment be entered in its favor and against Defendants on its claims asserted herein, and that the Court order as follows:

    a.    That Defendants, and all agents or persons and entities in active concert or participation with them, be permanently enjoined from:

    1.    producing, utilizing, copying, reproducing, distributing, selling or displaying materials that infringe any of James Avery's Copyright-Protected Designs and immediately surrender to James Avery all Infringing Products in their possession, custody or control;

    2.    using the terms "Avery," "James Avery" or any other word, symbol, phrase or term similar to the JAMES AVERY Marks in connection with the promotion, advertising or sale of jewelry;

    3.    infringing James Avery's registered JAMES AVERY Marks; and

    4.    using any other name, phrase, symbol or term which is likely to dilute the distinctive or famous nature of the JAMES AVERY Marks.

    b.    That Defendants be required to provide to James Avery: the names and addresses of the manufacturers of the Infringing Products and all records, invoices, shipping

6161675.2

manifests, purchase orders, inventory records, and correspondence between Defendants and those manufacturers;

c.     That James Avery be awarded its actual damages from All Defendants sustained as a result of (1) Defendants' copyright infringement and (2) Defendants' trademark infringement, unfair competition and trademark dilution under both Federal and Texas Trademark Law and the common law.

d.     That James Avery be awarded statutory damages against Defendants pursuant to 17 U.S.C. § 504(c)(1) in the amount of $30,000 per infringement, unless the Court finds it proper to increase the amount of statutory damages up to a sum of $150,000 per infringement pursuant to 17 U.S.C. Section 504(c)(2), for which case James Avery prays for the higher award;

e.     That Defendants be required to account for and to disgorge all profits obtained as a result of Defendants' copyright infringement;

f.     That James Avery be awarded the value of the damage to its goodwill and reputation sustained as a result of Defendants' copyright infringement;

g.     That Defendants be required to account for and disgorge all profits and other gains/advantages obtained by Defendants' trademark infringement, unfair competition and trademark dilution; and that the award of damages, gains and/or profits be increased as provided by 15 U.S.C. § 1117 or as otherwise provided by law;

h.     That the Stamping Act Defendants and all agents or persons and entities in active concert or participation with them, be permanently enjoined from:

        1.   mismarking any products with the JAC stamp indicating Sterling Silver when the products are not at least 92.5 wt% Ag.-Silver.

i.     That James Avery be awarded its actual damages incurred as a result of the Stamping Act Defendants' violation of the National Stamping Act;

j.     That the Stamping Act Defendants be required to account for and to disgorge all profits obtained as a result of Defendants' violation of the National Stamping Act;

k.     That James Avery be awarded its costs and attorneys' fees incurred in bringing this action;

l.     That Defendants be ordered to pay James Avery prejudgment and post-judgment interest; and

m.     That James Avery be granted such other and further legal and equitable relief against Defendants as the Court deems appropriate.

6161675.2

Dated:    November 4, 2015              Respectfully submitted,

                                       DYKEMA COX SMITH
                                       112 E. Pecan Street, Suite 1800
                                       San Antonio, Texas  78205
                                       (210) 554-5500 (Phone)
                                       (210) 226-8395 (Fax)


                                       By:___/s/ J. Daniel Harkins_____
                                            J. Daniel Harkins
                                            dharkins@dykema.com
                                            State Bar No. 09008990
                                            Amy Davis
                                            adavis@dykema.com
                                            State Bar No. 24074114

                                       *Attorneys for Plaintiff James Avery Craftsman, Inc.*